UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**REGINA SAMUELS,** as Administratrix of
the **ESTATE OF RALKINA JONES**
12203 Clifton Boulevard, Apt 20
Lakewood, OH 44107

              Plaintiff,

       v.

**CITY OF CLEVELAND HEIGHTS**
c/o Department of Law
40 Severance Circle
Cleveland Heights, OH 44118

and

**CITY OF CLEVELAND HEIGHTS
POLICE DEPARTMENT**
40 Severance Circle
Cleveland Heights, OH 44118

and

**CITY OF CLEVELAND HEIGHTS FIRE
DEPARTMENT**
40 Severance Circle
Cleveland Heights, OH 44118

and

**HEALTHSPAN INTEGRATED CARE**
c/o Rebecca N. Holland
1001 Lakeside Avenue, Suite 1200
Cleveland, Ohio 44114

and

**JEFFREY ROBERTSON**
40 Severance Circle
Cleveland Heights, OH 44118

and

CASE NO.  1:16-CV-1786

JUDGE

**COMPLAINT**

**(Jury Demand Endorsed Hereon)**

**JEFFREY LUK, MD**                              )
40 Severance Circle                              )
Cleveland Heights, OH 44118                      )
                                                 )
and                                              )
                                                 )
**RICHARD HWODEKY**                              )
40 Severance Circle                              )
Cleveland Heights, OH 44118                      )
                                                 )
and                                              )
                                                 )
**BRIAN GAMBLE**                                 )
40 Severance Circle                              )
Cleveland Heights, OH 44118                      )
                                                 )
and                                              )
                                                 )
**MATTHEW MARTIN**                               )
40 Severance Circle                              )
Cleveland Heights, OH 44118                      )
                                                 )
and                                              )
                                                 )
**JANICE R. EITAL, MD**                          )
c/o Rebecca N. Holland                           )
1001 Lakeside Avenue, Suite 1200                 )
Cleveland, Ohio 44114                            )
                                                 )
and                                              )
                                                 )
**SHAPEARL J. STEWART, RN**                      )
c/o Rebecca N. Holland                           )
1001 Lakeside Avenue, Suite 1200                 )
Cleveland, Ohio 44114                            )
                                                 )
and                                              )
                                                 )
**MATTHEW M. SATOLA, PA**                        )
c/o Rebecca N. Holland                           )
1001 Lakeside Avenue, Suite 1200                 )
Cleveland, Ohio 44114                            )
                                                 )
and                                              )
                                                 )
                                                 )
                                                 )
                                                 )

2

| | |
|---|---|
| **MICHELLE R. MORTON, RN** | ) |
| c/o Rebecca N. Holland | ) |
| 1001 Lakeside Avenue, Suite 1200 | ) |
| Cleveland, Ohio 44114 | ) |
| | ) |
| and | ) |
| | ) |
| **JOHN AND/OR JANE DOES #1-15** | ) |
| (Names and addresses unknown and | ) |
| undiscoverable at this time) | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Regina Samuels, as Administratrix of the Estate of Ralkina Jones

("Plaintiff"), for her complaint against Defendants City of Cleveland Heights, City of

Cleveland Heights Police Department, City of Cleveland Heights Fire Department,

HealthSpan Integrated Care, Jeffrey Robertson, Jeffrey Luk, MD, Richard Hwodeky, Brian

Gamble, Matthew Martin, Janice R. Eital, MD, Shapearl J. Stewart, RN, Matthew M. Satola,

PA, Michelle R. Morton, RN, HealthSpan Integrated Care, and John and/or Jane Does #1-15

(collectively, "Defendants") hereby alleges and states as follows:

## INTRODUCTION

1.      Ralkina Jones entered the Cleveland Heights Jail at approximately 10:45pm

on July 24, 2015.  Less than 48 hours later, she was dead.  Ralkina Jones was a young, single

mother, who died while in the care and custody of the Defendants as a result of their failure

to provide appropriate medical care and failure to properly administer medically necessary

prescription medication.  Ralkina Jones clearly communicated her medical conditions to the

Defendants and specifically expressed the importance of taking her medication as

prescribed.  Ralkina Jones also explicitly requested that her medication be properly

documented so that there were no issues as shifts changed, and articulated her concern that

3

she did not want to die while in the Defendants' custody.  Despite Ralkina Jones' clear request that her health needs be properly managed, the Defendants did not her take needs seriously, characterizing her requests as her "acting up," and failing to follow established standards regarding the documentation of administration of medication.  There are considerable discrepancies between medical log sheets and daily jail logs, suggesting that Ralkina Jones was improperly medicated.  In addition, surveillance videos released by the City of Cleveland Heights contain sizeable gaps, including the absence of any footage from the hours preceding the discovery of Ralkina Jones' deceased body.  The absence of footage, as explained by a report commissioned by the City of Cleveland Heights, was due to the lack of any detection of motion during the relevant time period.  Despite Cleveland Heights Police Department Jail standards requiring that personal observation checks be conducted every sixty minutes (hourly), jail personnel failed to properly check on Ralkina Jones for over six hours.  This failure is particularly egregious in light of Ralkina Jones' known and documented health issues.

2.      Ralkina Jones' death was premature and avoidable.  Had the Defendants simply followed their own policies and procedures, Ralkina Jones' death could have been prevented.

## PARTIES AND JURISDICTION

3.      Plaintiff Regina Samuels is a resident of Cuyahoga County, Ohio, and is the duly appointed adminstratrix of the Estate of Ralkina Jones, having been so appointed by the Cuyahoga County Probate Court under case number 2015EST209395.  See attached Exhibit A.  The Plaintiff brings this action in her fiduciary capacity.

4.      The Defendant the City of Cleveland Heights, is a political subdivision of the State of Ohio.  The City of Cleveland Heights is a "person" under 42 U.S.C. §1983, and at all times relevant to this complaint, acted under color of law.  At all times relevant to this

complaint, the City of Cleveland Heights owned and/or operated the Cleveland Heights Jail, and it acted or carried on its business by and through its agents, servants, and/or employees.   Additionally, at all times relevant to this complaint, these employees were operating within the scope of their officially assigned and/or compensated duties.

5.   The Defendant the City of Cleveland Heights Police Department, is a governmental agency and/or political subdivision of the State of Ohio.  The City of Cleveland Heights Police Department is a "person" under 42 U.S.C. §1983, and at all times relevant to this complaint, acted under color of law.  At all times relevant to this complaint, the City of Cleveland Heights Police Department owned and/or operated the Cleveland Heights Jail, and it acted or carried on its business by and through its agents, servants, and/or employees, including officers working within the Cleveland Heights Jail. Additionally, at all times relevant to this complaint, these employees were operating within the scope of their officially assigned and/or compensated duties.

6.   The Defendant the City of Cleveland Heights Fire Department, is a governmental agency and/or political subdivision of the State of Ohio.  The City of Cleveland Heights Fire Department is a "person" under 42 U.S.C. §1983, and at all times relevant to this complaint, acted under color of law.  At all times relevant to this complaint, the City of Cleveland Heights Fire Department acted or carried on its business by and through its agents, servants, and/or employees, including those working within the Cleveland Heights Jail.   Additionally, at all times relevant to this complaint, these employees were operating within the scope of their officially assigned and/or compensated duties.

7.   The Defendant HealthSpan Integrated Care, is a duly licensed and accredited medical care institution doing business in the State of Ohio.  Defendant HealthSpan Integrated Care holds itself out to the public, including Plaintiff and Plaintiff's decedent, to

use that degree of care, skill, diligence and attention used by medical facilities in the community in the care and treatment of patients.  Defendant HealthSpan Integrated Care is a "person" under 42 U.S.C. §1983, and at all times relevant to this complaint, acted under color of law.  At all times relevant to this complaint, Defendant HealthSpan Integrated Care acted or carried on its business by and through its agents, servants, and/or employees, including those working within the Severance Circle HealthSpan facility.  Additionally, at all times relevant to this complaint, these employees were operating within the scope of their officially assigned and/or compensated duties.

8.      The Defendant Jeffrey Robertson, was the Chief of the Cleveland Heights Police Department in the State of Ohio, Cuyahoga County.  Defendant Jeffrey Robertson is a "person" under 42 U.S.C. §1983, and at all times relevant to this complaint, acted under color of law.  He is sued in his individual and official capacity.

9.      The Defendant Jeffrey Luk, MD, is the Medical Director of the Cleveland Heights Fire Department in the State of Ohio, Cuyahoga County.  Defendant Jeffrey Luk is a "person" under 42 U.S.C. §1983, and at all times relevant to this complaint, acted under color of law.  He is sued in his individual and official capacity.

10.     The Defendant Richard Hwodeky, is an emergency medical technician - paramedic in the State of Ohio, Cuyahoga County who held himself out to the general public, including Plaintiff and Plaintiff's decedent, as being possessed of the requisite skills, knowledge and facilities to offer quality medical care and treatment to the public.  Defendant Richard Hwodeky is a "person" under 42 U.S.C. §1983, and at all times relevant to this complaint, acted under color of law.  He is sued in his individual and official capacity.

11.     The Defendant Brian Gamble, is an emergency medical technician - paramedic in the State of Ohio, Cuyahoga County who held himself out to the general public, including Plaintiff and Plaintiff's decedent, as being possessed of the requisite skills,

6

knowledge and facilities to offer quality medical care and treatment to the public. Defendant Brian Gamble is a "person" under 42 U.S.C. §1983, and at all times relevant to this complaint, acted under color of law.  He is sued in his individual and official capacity.

12.    The Defendant Matthew Martin, is an emergency medical technician - paramedic in the State of Ohio, Cuyahoga County who held himself out to the general public, including Plaintiff and Plaintiff's decedent, as being possessed of the requisite skills, knowledge and facilities to offer quality medical care and treatment to the public. Defendant Matthew Martin is a "person" under 42 U.S.C. §1983, and at all times relevant to this complaint, acted under color of law.  He is sued in his individual and official capacity.

13.    The Defendant Janice R. Eital, MD, is a licensed physician in the State of Ohio, Cuyahoga County who held herself out to the general public, including Plaintiff and Plaintiff's decedent, as being possessed of the requisite skills, knowledge and facilities to offer quality medical care and treatment to the public.  Defendant Janice R. Eital, MD is a "person" under 42 U.S.C. §1983, and at all times relevant to this complaint, acted under color of law.  She is sued in her individual and official capacity.

14.    The Defendant Shapearl J. Stewart, RN is a licensed nurse practitioner in the State of Ohio, Cuyahoga County who held herself out to the general public, including Plaintiff and Plaintiff's decedent, as being possessed of the requisite skills, knowledge and facilities to offer quality medical care and treatment to the public.  Defendant Shapearl J. Stewart, RN is a "person" under 42 U.S.C. §1983, and at all times relevant to this complaint, acted under color of law.  She is sued in her individual and official capacity.

15.    The Defendant Matthew M. Satola, PA, is a licensed physician assistant in the State of Ohio, Cuyahoga County who held himself out to the general public, including Plaintiff and Plaintiff's decedent, as being possessed of the requisite skills, knowledge and facilities to offer quality medical care and treatment to the public.  Defendant Matthew M.

Satola, PA is a "person" under 42 U.S.C. §1983, and at all times relevant to this complaint, acted under color of law.  He is sued in his individual and official capacity.

16.     The Defendant Michelle R. Morton, RN, is a licensed nurse practitioner in the State of Ohio, Cuyahoga County who held herself out to the general public, including Plaintiff and Plaintiff's decedent, as being possessed of the requisite skills, knowledge and facilities to offer quality medical care and treatment to the public.  Defendant Michelle R. Morton, RN is a "person" under 42 U.S.C. §1983, and at all times relevant to this complaint, acted under color of law.  She is sued in her individual and official capacity. Defendants John and/or Jane Does #1-15 are individuals and entities who individually or in concert with other individuals, were responsible for ensuring that Ralkina Jones was provided with appropriate medical care and attention while at the Cleveland Heights Jail and/or HealthSpan Integrated Care.  At this time these persons are not known to the Plaintiff, but will be named when they are discovered.

17.     Jurisdiction over claims brought under the Civil Rights Act of 1871 is conferred on this Court by 28 U.S.C. §1331, and 28 U.S.C. §1343(3) and (4).  Jurisdiction over the state law claims is conferred by 28 U.S.C. §1367.  Affidavits pursuant to Ohio Rule Civ. P. 10(D)(2) are attached in support of the medical claims as Exhibits B and C. Venue is proper in this division because all or part of the claims for relief arose in Cuyahoga County.

**FACTUAL ALLEGATIONS**

18.     Ralkina Jones was arrested by officers of the Cleveland Heights Police Department on the evening of July 24, 2015, after a caller reported a disturbance in the parking lot of a Save-A-Lot store.  According to Cleveland Heights Police reports, when officers arrived on the scene, Ralkina Jones' ex-husband alleged that she physically attacked him and damaged his car.  Mr. Jones declined to press charges; however, the responding police officers arrested Ralkina Jones and took her to the Cleveland Heights Jail.

8

19.     Ralkina Jones had never been in jail prior to July 24, 2015.

20.     During the intake process, Ralkina Jones disclosed to the booking officer that she had a number of health issues for which she was taking prescription medication. Specifically, Ralkina Jones immediately disclosed that she had a heart condition, suffered from seizures, had a history of anxiety, and suffered from postural orthostatic tachycardia syndrome ("POTS").

21.     According to Cleveland Heights Jail records, Ralkina Jones was booked at approximately 10:45pm on July 24, 2015.  Shortly after her booking, a family member delivered Ralkina Jones' prescription medication to a Cleveland Heights Officer.  Upon information and belief, nine different prescription medications were delivered to the Cleveland Heights Jail.

22.     Ralkina Jones' health issues were well managed by the medication prescribed to her by her primary care physician and Ralkina Jones specifically expressed to officers the importance of taking her medication as prescribed.

23.     Once Ralkina Jones was in custody, she was completely reliant on the Defendants to treat her medical conditions, and the Defendants were in fact obligated to make sure that she received adequately necessary medical care and treatment.

24.     The City of Cleveland Heights, the City of Cleveland Heights Police Department, the City of Cleveland Heights Fire Department, Jeffrey Robertson, Jeffrey Luk, MD, Richard Hwodeky, Brian Gamble, Matthew Martin, and John / Jane Does' (hereinafter "Cleveland Heights Defendants") obligations with respect to Ralkina Jones' medical needs included the adoption and implementation (including training) of policies and practices sufficient to adequately protect her health and welfare.  However, the Cleveland Heights Defendants failed to meet their duties to Ms. Jones, and in fact were deliberately indifferent to policies and procedures that could have saved her life.

9

25.     Upon information and belief, the Cleveland Heights Police Department, overseen by Jeffrey Robertson, has several policies and procedures that govern the administration of medication to inmates.  The Health Screening for Prisoners video training narrated by Dr. Arnold Feltoon explicitly dictates that when an inmate brings or has medication brought to them that the Cleveland Heights Police Officer receiving the medication contact the jail physician to confirm that the inmate needs to continue with the received medication.

26.     Furthermore, the current policies and procedures for the administration of medication by Cleveland Heights Police Officers are set forth in a 2014 Jail Standards Update.   The update sets forth several policies, including that the officer administering medication: (1) obtain medication or treatment administration authorization; (2) understand the instructions for medication or treatment administration; (3) understand the purpose for and side effects of the medication or treatment; (4) maintain accurate records; (5) report unusual reactions; and (6) follow policy and procedures.  With respect to records of the administration of medication, the policy requires documentation sufficient to evidence what was given, to whom, and when. Further, the update requires that when officers are administering tablets or capsules that they provide the medication in a cup or lid and do a mouth check.  *See* Rights and Responsibilities in Medication Administration by Non-Licensed Personnel, attached as Exhibit D.

27.     In addition , to the 2014 Jail Standards Update, the 2015 Jail Standards Update for the City of Cleveland Heights Jail (collectively "Jail Standards") requires that the Officer in Charge, Jail Duty Officer, or their designee, record each administration of medication on the Daily Jail Log, as well as each jail check, among other items.  Jail checks, or personal observation checks, are required to be conducted every hour (sixty minutes). The purpose of the jail checks as indicated in the Jail Standards, is to ensure that no

"unusual events" have occurred, such as "injury, illness, death, escape attempt, damage to property." *See* Sections 9-2, 9-1 (F-H), and 1-3(B)14 of the 2015 Jail Standards Update – Cleveland Heights Police Department Jail Facility, attached as Exhibit E.

28.    Moreover, in the case where inmates receive medical care in a hospital and are subsequently discharged, the aforementioned Health Screening for Prisoners video training states that the jail officer must ensure the inmate has discharge instructions and instructs that the officer "follow through with those [instructions]."

29.    It is the obligation of the Cleveland Heights Defendants to enforce the policies and procedures as set forth in the Jail Standards and Health Screening for Prisoners video training for the City of Cleveland Heights Jail, and to verify that all personnel are properly trained, and that the policies and procedures are being implemented.  In spite of this, the Cleveland Heights Defendants failed to meet their duties to Ms. Jones.

30.    Surveillance monitoring video of the City of Cleveland Heights Jail shows Ralkina Jones taking tablets and/or capsule medication at approximately 2:15am on July 25, 2015, approximately 3.5 hours after her intake.  Ralkina Jones is seen on the video carrying the tablets and/or capsule medication into her cell, alone.  There is no record of which of the nine medications was administered to Ralkina Jones at that time, nor is there a record of the dosages.  In fact, there is no record of any administration of medication at that time on Ralkina Jones' "Medication Log Sheet," in direct violation of City of Cleveland Heights Jail Standards.

31.    Surveillance monitoring video of the City of Cleveland Heights Jail subsequently shows that Ralkina Jones was given additional tablets and/or capsule medication at or about 10:45am on July 25, 2015, approximately 12 hours after her intake, and 8.5 hours after her last (and undocumented) medication administration.  This administration of medication is documented on Ralkina Jones' "Medication Log Sheet,"

11

along with the medication types and dosages; however the surveillance monitoring video shows Ralkina Jones was given more than the 3 medications listed.  Upon information and belief, the medication listed is incomplete and/or incorrect, and it is unknown exactly which medication Ralkina Jones was given at that time.  In fact, the surveillance monitoring video shows the officer on duty did not take note of which medication Ralkina Jones was given, nor did he confirm whether she was given the appropriate dosages.

32.     The City of Cleveland Heights Jail Log subsequently lists Ralkina Jones as taking prescription medication just three hours later, at approximately 1:47pm.  Yet again, the officer administering the medication at that time failed to record which of her medication was administered at that time, nor is there a record of the dosages.  The surveillance monitoring video shows (again) the officer on duty not taking note of which medication Ralkina Jones was given, nor did he confirm whether she was taking the appropriate dosages.  There is no record of any administration of medication at that time on Ralkina Jones' "Medication Log Sheet," in direct violation of City of Cleveland Heights Jail Standards.

33.     A fourth administration of medication to Ralkina Jones (in less than an eighteen hour time period) was captured on video surveillance at approximately 5:25pm on July 25, 2015.  This administration of medication is documented on Ralkina Jones' "Medication Log Sheet," along with the medication types and dosages.  If the medication types and dosages are correct as listed, Ralkina Jones was overdosed on more than one medication by being administered more than the prescribed daily doses on July 25, 2015.

34.     Due to the failure of the administering officers to properly document all of the medication administered to Ralkina Jones while in custody, it is unknown to what extent Ralkina Jones may have been overdosed on other medication, as well as whether she received all of the medication she required on a daily basis.

35.     Not surprisingly, Ralkina Jones began to suffer a health emergency less than two hours after her fourth administration of medication on July 25, 2015.  Ralkina Jones was transported by ambulance to Defendant HealthSpan's Severance Circle facility with all the medication in possession of the Cleveland Heights Defendants.

36.     Defendants Janice R. Eital, MD, Shapearl J. Stewart, RN, Matthew M. Satola, PA, Michele R. Morton, RN, and HealthSpan Integrated Care (hereinafter "HealthSpan Defendants") were responsible for the care and treatment of Ralkina Jones while she was in the care of Defendant HealthSpan's Severance Circle facility.

37.     At the time of Ralkina Jones' arrival and placement under the care of the HealthSpan Defendants, she had been improperly medicated.  While the Cleveland Heights "Medical Log Sheet" did not properly document the extent of Ralkina Jones' improper medication administration, it did evidence improper medication administration.

38.     Despite Ralkina Jones' improper medication administration, and the documentation evidencing such, the HealthSpan Defendants released Ralkina Jones two hours and thirteen minutes after her arrival, not adequately observing and addressing her health care needs.

39.     Upon Ralkina Jones' discharge the HealthSpan Defendants noted her altered mental state and slurred speech, and instructed as a "special instruction" to the Cleveland Heights Defendants that Ralkina Jones was to be "returned for any problems."

40.     Despite the clear order from the HealthSpan Defendants that Ralkina Jones was to be returned to the hospital if there were any subsequent problems, when Ralkina Jones advised officers a few hours after her discharge that she was not well, her concerns were not taken seriously.  Audio recording reveals that her request for medical attention was characterized as Ralkina Jones "acting up again."  While the Cleveland Heights Fire Department, including Richard Hwodeky, Brian Gamble, and Matthew Martin, were

dispatched for Ralkina Jones at or about 12:50 am on July 26, 2015, for reasons unknown they neglected to follow the physician's orders to return Ralkina Jones to the hospital.

41.    Furthermore, even though Ralkina Jones signed a release requesting transport to a hospital, the Cleveland Heights Fire Department, overseen by Jeffrey Luk, MD, and EMTs Richard Hwodeky, Brian Gamble, and Matthew Martin disregarded Ralkina Jones' written request for transport to a hospital and left her in the jail cell.

42.    Upon information and belief, the Cleveland Heights Defendants, believing that Ralkina Jones was simply complaining and "acting up," failed to properly check on her again for over six hours, in violation of her rights, and Cleveland Heights Jail Standards.  By the time she was discovered, she was dead, with rigor mortis already setting in, as well as lividity in her lower extremities, fingertips and torso, indicating that she had likely been dead for a number of hours before emergency medical treatment was sought.

43.    Had the Defendants' provided Ralkina Jones with adequate medical care and treatment, Ralkina Jones' death could have been prevented.  Instead, the Defendants acted negligently, recklessly, wantonly, willfully, knowingly, intentionally, and with deliberate indifference to Ralkina Jones' medical needs, and failed to follow the procedures and policies as set forth in the Jail Standards.

44.    As a direct and proximate result of the Defendants' actions, Ralkina Jones suffered a premature and wrongful death.

45.    As a further direct and proximate result of Ralkina Jones' wrongful death, her survivors and/or heirs have suffered permanent damages, including but not limited to, the loss of her support, services, and society, including lost companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education.

**Count I – 42 U.S.C. §1983**

(Against Cleveland Heights Defendants)

46.    The Plaintiff re-alleges and incorporates herein by reference all of the preceding paragraphs of this Complaint.

47.    The Cleveland Heights Defendants and John and Jane Doe Defendants have, under color of state law, deprived Ralkina Jones of rights, privileges, and immunities secured by the Fourteenth and Eighth Amendments to the U.S. Constitution, including but not limited to the right to be free from cruel and unusual punishment, the right to be protected, and the right to adequate medical care when incarcerated.

48.    The Cleveland Heights Defendants and John and Jane Doe Defendants failed to adequately train and supervise the officers and staff in the intake, assessment and correctional and medical care of inmates who arrive at the jail while taking prescription medication.

49.    The Cleveland Heights Defendants and John and Jane Doe Defendants acted with deliberate indifference to Ralkina Jones' medical needs, neglecting to follow even the most basic of Jail Standards with regard to the documentation of administration of medication, and with respect to physicians' orders.

50.    The acts and failures of the Cleveland Heights Defendants' employees and/or agents as alleged herein were done within the scope of their duties of employment and/or agency, and were authorized or ratified by the Cleveland Heights Defendants.

51.    The actions of the Cleveland Heights Defendants and John and Jane Doe Defendants with respect to Ralkina Jones' medical needs were inadequate and unreasonable, and were the primary cause of the constitutional deprivations suffered by Ralkina Jones, including but not limited to pain and suffering as a result of the denial of appropriate medical care.

## Count II – Wrongful Death
(Against All Defendants)

52.    The Plaintiff re-alleges and incorporates herein by reference all of the preceding paragraphs of this Complaint.

53.    The City of Cleveland Heights, the Cleveland Heights Police Department, the Cleveland Heights Fire Department, HealthSpan Integrated Care, Jeffrey Richardson, Jeffrey Luk, MD, Richard Hwodeky, Brian Gamble, Matthew Martin, Janice R. Eital, MD, Shapearl J. Stewart, RN, Matthew M. Satola, PA, Michelle R. Morton, RN, and John and Jane Does #'s 1-15 actions caused the wrongful death of Ralkina Jones, resulting in damages recoverable under R.C. §2125.02.

54.    The acts and failures of Defendants' employees and/or agents as alleged herein were done within the scope of their duties of employment and/or agency, and were authorized or ratified by Defendants.

## Count III –Malpractice (Emergency Medical Responder)
(Against Defendants Cleveland Heights Fire Department, Jeffrey Luk, MD, Richard Hwodeky, Brian Gamble, Matthew Martin)

55.    The Plaintiff re-alleges and incorporates herein by reference all of the preceding paragraphs of this Complaint.

56.    The Medical Director of the Cleveland Heights Fire Department, Jeffrey Luk, MD, the emergency medical responders from the Cleveland Heights Fire Department including Defendant Richard Hwodeky, Defendant Brian Gamble, and Defendant Matthew Martin, who were called to provide medical care to Ralkina Jones at or about 12:50 am on July 26, 2015, and John and Jane Doe Defendants breached their duties to provide medical care consistent with standard medical practice and according to physician orders, all in violation of Ohio law.

16

57.     The acts and failures of the Cleveland Heights Fire Department employees and/or agents as alleged herein were done within the scope of their duties of employment and/or agency, and were authorized or ratified by the Cleveland Heights Defendants.

58.     The conduct of the Cleveland Heights Fire Department employees and/or agents as alleged herein proximately caused Ralkina Jones' injury and death.

### Count IV –Malpractice (Healthcare Providers)
(Against HealthSpan Defendants)

59.     Defendants Janice R. Eital, MD, Shapearl J. Stewart, RN, Matthew M. Satola, PA, Michelle R. Morton, RN, HealthSpan Integrated Care, and John and Jane Doe Defendants were negligent in providing care and treatment to Ralkina Jones, and the care that the HealthSpan Defendants provided fell below the applicable standard of care for medical providers under the same or similar circumstances.  Specifically, the HealthSpan Defendants failed to properly observe and monitor Ralkina Jones, all of which violated applicable standards of care for medical providers under the same or similar circumstances.

60.     The conduct of the HealthSpan Defendants, its employees and/or agents as alleged herein proximately caused Ralkina Jones' injury and death.

### Count IV –Negligence
(Against Cleveland Heights Defendants)

61.     The Cleveland Heights Defendants and the John and Jane Doe Defendants owed a duty of reasonable care to Ralkina Jones.

62.     The Cleveland Heights Defendants and John and Jane Doe Defendants have a duty to provide qualified personnel to perform medical services at the Cleveland Heights Jail, and a duty to use reasonable care in determining the qualifications of its contractors, employees and agents who provide medical services.

63.     The Cleveland Heights Defendants and John and Jane Doe Defendants also have a duty to establish and enforce (including necessary training) appropriate policies and procedures concerning the medical treatment of inmates at the Cleveland Heights Jail.

64.     The Cleveland Heights Defendants and John and Jane Doe Defendants breached their duty of care to Ralkina Jones by failing to provide appropriate medical care and treatment under the circumstances including but not limited to:

   a. failing to secure proper care for Ralkina Jones, when the Cleveland Heights Defendants and/or their personnel, agents, and/or employees knew or should have known that Ralkina Jones was in open and obvious distress;

   b. failing to provide Ralkina Jones with reasonable, necessary, and appropriate supervision, care and access to medical treatment;

   c. disregarding Ralkina Jones' complaints of distress;

   d. failing to appropriately monitor Ralkina Jones while she was detained;

   e. failing to take the proper steps to provide assistance to Ralkina Jones when the Defendants and/or  their personnel, agents, and/or employees knew or should have known that she was unable to care for herself;

   f. failing to seek timely emergency medical attention for Ralkina Jones when she was suffering from an obvious and serious medical need;

   g. failing to transport Ralkina Jones to the hospital after her complaints in the early morning hours of July 26, 2015;

   h. failing to follow Cleveland Heights Jail Standards;

   i. failing to properly train and/or supervise employees, agents, and/or staff so as to ensure that Ralkina Jones (and other inmates) are provided with proper medical care and attention while detained;

18

j.  failing to train employees, agents and/or staff to recognize the medical needs of inmates;

k.  abandoning Ralkina Jones when she was in need of medical care; and

l.  failing to ensure proper communication and record-keeping by and between shifts to ensure the proper administration of medication and medical care.

65.  The Cleveland Heights Defendants and John and Jane Doe defendants failed to ensure that services provided by its contractors, employees and agents were consistent with standard medical practice.

66.  The conduct of the Cleveland Heights Defendants and John and Jane Doe defendants was negligent, reckless, wanton and willful, intentional, knowing, and deliberately indifferent.

67.  As a direct and proximate result of the conduct of the Cleveland Heights Defendants and John and Jane Doe Defendants, Ralkina Jones suffered injury, pain and suffering, and eventually died of said injury.

**WHEREFORE**, Plaintiff Regina Samuels, as Administratrix of the Estate of Ralkina Jones prays for relief as follows:

A.  Judgment against the Defendants;

B.  Equitable relief, including, without limitation, that the Cleveland Heights Defendants be made to adopt, train, maintain, and enforce appropriate policies to prevent future instances of the type of misconduct described herein;

C.  Compensatory damages in an amount to be proven at trial;

D.  For past and future medical expenses incurred and to be incurred;

E.  For loss of enjoyment and quality of life;

F.    For costs of suit incurred herein, including Court costs, attorney fees, and any pre-judgment and/or post-judgment interest;

G.    For punitive damages in such amount as the Court may deem appropriate; and

H.    For such other relief as the Court may deem Plaintiff entitled to receive.

Respectfully submitted,

_____ /s/ **Steven M. Gaulding** _____
Steven M. Gaulding (#0085285)
The Gaulding Law Firm LLC
3751 Prospect Avenue Fl 3
Cleveland, Ohio 44115
Office:      (216) 239-1400
Fax:         (216) 239-1500
Email:       smg@gauldingllc.com
*One of the Attorneys for Plaintiff*


_____ /s/ **Sheronda D. Dobson** _____
Sheronda D. Dobson (#0084307)
Law Offices of Sheronda D. Dobson LLC
503 E. 20th Street, Suite 2023
Euclid, Ohio 44119
Office:      (216) 291.2290
Fax:         (216) 291.2296
Email:       sdobson@sdobsonlaw.com
*One of the Attorneys for Plaintiff*


## DEMAND FOR JURY TRIAL

Plaintiff Regina Samuels, as Administratrix of the Estate of Ralkina Jones hereby demands a jury trial of all issues in this action triable as of right by a jury.


_____ /s/ **Steven M. Gaulding** _____
Steven M. Gaulding (#0085285)