LAW OFFICES OF
Alkire & Nieding LLC
200 Spectrum Office Building • 6060 Rockside Woods Boulevard • Independence, Ohio 44131-2375
(216) 573-0801 • Fax: (216) 573-0806

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **REGINA SOK,** as Administratrix of the **ESTATE OF RALKINA JONES** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**CITY OF CLEVELAND HEIGHTS** )<br>c/o Department of Law )<br>40 Severance Circle )<br>Cleveland Heights, OH 44118 )<br>)<br>and )<br>)<br>**JEFFREY ROBERTSON** )<br>40 Severance Circle )<br>Cleveland Heights, OH 44118 )<br>)<br>and )<br>)<br>**JEFFREY LUK, MD** )<br>40 Severance Circle )<br>Cleveland Heights, OH 44118 )<br>)<br>and )<br>)<br>**RICHARD HWODEKY** )<br>40 Severance Circle )<br>Cleveland Heights, OH 44118 )<br>)<br>and )<br>)<br>**BRIAN GAMBLE** )<br>40 Severance Circle )<br>Cleveland Heights, OH 44118 )<br>)<br>and )<br>)<br>**MATTHEW MARTIN** )<br>40 Severance Circle )<br>Cleveland Heights, OH 44118 ) | CASE NO. 1:16-CV-1786<br><br>JUDGE CHRISTOPHER BOYKO<br><br><br>**SECOND AMENDED COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

**JOHN AND/OR JANE DOES #1-15**    )
(Names and addresses unknown and    )
undiscoverable at this time)    )
    )
    Defendants.    )

Leave of Court having been granted, Plaintiff Regina Sok, fka Regina Samuels, as Administratrix of the Estate of Ralkina Jones ("Plaintiff"), for her Second Amended Complaint against Defendants City of Cleveland Heights, Jeffrey Robertson, Jeffrey Luk, MD, Richard Hwodeky, Brian Gamble, Matthew Martin, and John and/or Jane Does #1-15 (collectively, "Defendants") hereby alleges and states as follows:

## INTRODUCTION

1.    Ralkina Jones entered the Cleveland Heights Jail at approximately 10:45pm on July 24, 2015. Less than 48 hours later, she was dead. Ralkina Jones was a young, single mother, who died while in the care and custody of the Defendants as a result of their failure to provide appropriate medical care and failure to properly administer medically necessary prescription medication. Ralkina Jones clearly communicated her medical conditions to the Defendants and specifically expressed the importance of taking her medication as prescribed. Ralkina Jones also explicitly requested that her medication be properly documented so that there were no issues as shifts changed, and articulated her concern that she did not want to die while in the Defendants' custody. Despite Ralkina Jones' clear request that her health needs be properly managed, the Defendants did not her take needs seriously, characterizing her requests as her "acting up," and failed to follow established standards regarding the documentation of administration of medication. There are considerable discrepancies between medical log sheets and daily jail logs, suggesting that Ralkina Jones was improperly medicated. In addition, surveillance videos released by The City of Cleveland Heights contain sizeable gaps, including the absence of any footage from the hours preceding the discovery of Ralkina Jones' deceased body. The absence of footage, as explained by a report commissioned by The City of

2

Cleveland Heights, was due to the lack of any detection of motion during the relevant time period. Despite Cleveland Heights Police Department Jail standards requiring that personal observation checks be conducted every sixty minutes (hourly), jail personnel failed to properly check on Ralkina Jones for over six hours. This failure is particularly egregious in light of Ralkina Jones' known and documented health issues.

2.  Ralkina Jones' death was premature and avoidable. Had the Defendants simply followed their own policies and procedures, Ralkina Jones' death would have been prevented.

## PARTIES AND JURISDICTION

3.  Plaintiff Regina Sok, fka Regina Samuels, is a resident of Cuyahoga County, Ohio, and is the duly appointed adminstratrix of the Estate of Ralkina Jones, having been so appointed by the Cuyahoga County Probate Court under case number 2015EST209395. Plaintiff Regina Sok brings this action in her fiduciary capacity on behalf of all next of kin, including but not limited to the minor child of Decedent, Kayla Tucker; Decedent's mother, Glenda Samuels; and Decedent's sisters, Dawn Dixon, Donna Dixon, Raleighsha Samuels, Regina (Samuels) Sok, Renee Ashford and Rita Samuels.

4.  The Defendant The City of Cleveland Heights, is a political subdivision of the State of Ohio. The City of Cleveland Heights is a "person" under 42 U.S.C. §1983, and at all times relevant to this complaint, acted under color of law. At all times relevant to this complaint, The City of Cleveland Heights owned and/or operated the Cleveland Heights Jail, and it acted or carried on its business by and through its agents, servants, and/or employees. Additionally, at all times relevant to this complaint, these employees were operating within the scope of their officially assigned and/or compensated duties.

5.  The Defendant Jeffrey Robertson, was the Chief of The City of Cleveland Heights Police Department in the State of Ohio, Cuyahoga County. Defendant Jeffrey Robertson is a "person" under 42 U.S.C. §1983, and at all times relevant to this complaint, acted under color of law. He is sued in his individual and official capacity.

3

6. The Defendant Jeffrey Luk, MD, is the Medical Director of The City of Cleveland Heights Fire Department in the State of Ohio, Cuyahoga County. Defendant Jeffrey Luk is a "person" under 42 U.S.C. §1983, and at all times relevant to this complaint, acted under color of law. He is sued in his individual and official capacities.

7. The Defendant Richard Hwodeky, an employee and/or agent of The City of Cleveland Heights is an emergency medical technician - paramedic in the State of Ohio, Cuyahoga County who held himself out to the general public, including Plaintiff and Plaintiff's decedent, as being possessed of the requisite skills, knowledge and facilities to offer quality medical care and treatment to the public. Defendant Richard Hwodeky is a "person" under 42 U.S.C. §1983, and at all times relevant to this complaint, acted under color of law. He is sued in his individual and official capacities.

8. The Defendant Brian Gamble, an employee and/or agent of The City of Cleveland Heights is an emergency medical technician - paramedic in the State of Ohio, Cuyahoga County who held himself out to the general public, including Plaintiff and Plaintiff's decedent, as being possessed of the requisite skills, knowledge and facilities to offer quality medical care and treatment to the public. Defendant Brian Gamble is a "person" under 42 U.S.C. §1983, and at all times relevant to this complaint, acted under color of law. He is sued in his individual and official capacities.

9. The Defendant Matthew Martin, an employee and/or agent of The City of Cleveland Heights is an emergency medical technician - paramedic in the State of Ohio, Cuyahoga County who held himself out to the general public, including Plaintiff and Plaintiff's decedent, as being possessed of the requisite skills, knowledge and facilities to offer quality medical care and treatment to the public. Defendant Matthew Martin is a "person" under 42 U.S.C. §1983, and at all times relevant to this complaint, acted under color of law. He is sued in his individual and official capacities.

LAW OFFICES OF
Alkire & Nieding LLC
200 Spectrum Office Building • 6060 Rockside Woods Boulevard • Independence, Ohio 44131-2375
(216) 573-0801 • Fax: (216) 573-0806

10. Defendants John and/or Jane Does #1-15, employees and/or agents of The City of Cleveland Heights are individuals and entities who individually or in concert with other individuals, were responsible for ensuring that Ralkina Jones was provided with appropriate medical care and attention while at the Cleveland Heights Jail. At this time these persons are not known to the Plaintiff, but will be named when they are discovered.

11. Jurisdiction over claims brought under the Civil Rights Act of 1871 is conferred on this Court by 28 U.S.C. §1331, and 28 U.S.C. §1343(3) and (4). Jurisdiction over the state law claims is conferred by 28 U.S.C. §1367. Affidavits pursuant to Ohio Rule Civ. P. 10(D)(2) are attached in support of the medical claims as Exhibits A and B. Venue is proper in this division because all or part of the claims for relief arose in Cuyahoga County.

## FACTUAL ALLEGATIONS

12. Ralkina Jones was arrested by officers of the Cleveland Heights Police Department on the evening of July 24, 2015, after a caller reported a disturbance in the parking lot of a Save-A-Lot store. According to Cleveland Heights Police reports, when officers arrived on the scene, Ralkina Jones' ex-husband alleged that she physically attacked him and damaged his car. Mr. Jones declined to press charges; however, the responding police officers arrested Ralkina Jones and took her to the Cleveland Heights Jail.

13. Ralkina Jones had never been in jail prior to July 24, 2015.

14. During the intake process, Ralkina Jones disclosed to the booking officer that she had a number of health issues for which she was taking prescription medication. Specifically, Ralkina Jones immediately disclosed that she had a heart condition, suffered from seizures, had a history of anxiety, and suffered from postural orthostatic tachycardia syndrome ("POTS").

15. According to Cleveland Heights Jail records, Ralkina Jones was booked at approximately 10:45pm on July 24, 2015. Shortly after her booking, a family member delivered

5

Ralkina Jones' prescription medication to a Cleveland Heights Officer. Upon information and belief, nine different prescription medications were delivered to the Cleveland Heights Jail.

16. Ralkina Jones' health issues were well managed by the medication prescribed to her by her primary care physician and Ralkina Jones specifically expressed to officers the importance of taking her medication as prescribed.

17. Once Ralkina Jones was in custody, she was completely reliant on the Defendants to treat her medical conditions, and the Defendants were in fact obligated to make sure that she received necessary medical care and treatment.

18. The City of Cleveland Heights', Jeffrey Robertson's, Jeffrey Luk, MD's, Richard Hwodeky's, Brian Gamble's, Matthew Martin's, and John / Jane Does' (hereinafter "Cleveland Heights Defendants") obligations with respect to Ralkina Jones' medical needs included the adoption and implementation (including training) of policies and practices sufficient to adequately protect her health and welfare. However, the Cleveland Heights' Defendants failed to meet their duties to Ms. Jones. In fact, their conduct was in wanton, willful and reckless disregard of her rights and safety in a situation where there was a great probability of substantial harm. Further, they were deliberately indifferent to policies and procedures that would have saved her life.

19. Upon information and belief, the Cleveland Heights Police Department, overseen by Jeffrey Robertson, has several policies and procedures that govern the administration of medication to inmates. The Health Screening for Prisoners video training narrated by Dr. Arnold Feltoon explicitly dictates that when an inmate brings or has medication brought to him/her that the Cleveland Heights Police Officer receiving the medication contact the jail physician to confirm that the inmate needs to continue with the received medication.

20. Furthermore, the current policies and procedures for the administration of medication by Cleveland Heights Police Officers are set forth in a 2014 Jail Standards Update. The update sets forth several policies, including that the officer administering medication: (1)

6

obtain medication or treatment administration authorization; (2) understand the instructions for medication or treatment administration; (3) understand the purpose for and side effects of the medication or treatment; (4) maintain accurate records; (5) report unusual reactions; and (6) follow policy and procedures. With respect to records of the administration of medication, the policy requires documentation sufficient to evidence what was given, to whom, and when. Further, the update requires that when officers are administering tablets or capsules that they provide the medication in a cup or lid and do a mouth check.

21. In addition to the 2014 Jail Standards Update, the 2015 Jail Standards Update for The City of Cleveland Heights Jail (collectively "Jail Standards") requires that the Officer in Charge, Jail Duty Officer, or their designee, record each administration of medication on the Daily Jail Log, as well as each jail check, among other items. Jail checks, or personal observation checks, are required to be conducted every hour (sixty minutes). The purpose of the jail checks as indicated in the Jail Standards, is to ensure that no "unusual events" have occurred, such as "injury, illness, death, escape attempt, damage to property."

22. Moreover, in the case where inmates receive medical care in a hospital and are subsequently discharged, the aforementioned Health Screening for Prisoners video training states that the jail officer must ensure the inmate has discharge instructions and instructs that the officer "follow through with those [instructions]."

23. It is the obligation of the Cleveland Heights Defendants to enforce the policies and procedures as set forth in the Jail Standards and Health Screening for Prisoners video training for The City of Cleveland Heights Jail, and to verify that all personnel are properly trained, and that the policies and procedures are being implemented. In spite of this, the Cleveland Heights Defendants failed to meet their duties to Ms. Jones and were wanton, willful, reckless and deliberately indifferent thereto.

24. Surveillance monitoring video of The City of Cleveland Heights Jail shows Ralkina Jones taking tablets and/or capsule medication at approximately 2:15am on July 25,

7

2015, approximately 3.5 hours after her intake. Ralkina Jones is seen on the video carrying the tablets and/or capsule medication into her cell, alone. There is no record of which of the nine medications was administered to Ralkina Jones at that time, nor is there a record of the dosages. In fact, there is no record of any administration of medication at that time on Ralkina Jones' "Medication Log Sheet," in direct violation of City of Cleveland Heights Jail Standards.

25. Surveillance monitoring video of The City of Cleveland Heights Jail subsequently shows that Ralkina Jones was given additional tablets and/or capsule medication at or about 10:45am on July 25, 2015, approximately 12 hours after her intake, and 8.5 hours after her last (and undocumented) medication administration. This administration of medication is documented on Ralkina Jones' "Medication Log Sheet," along with the medication types and dosages; however, the surveillance monitoring video shows Ralkina Jones was given more than the 3 medications listed. Upon information and belief, the medication listed is incomplete and/or incorrect, and it is unknown exactly which medication Ralkina Jones was given at that time. In fact, the surveillance monitoring video shows the officer on duty did not take note of which medication Ralkina Jones was given, nor did he confirm whether she was given the appropriate dosages.

26. The City of Cleveland Heights Jail Log subsequently lists Ralkina Jones as taking prescription medication just three hours later, at approximately 1:47pm. Yet again, the officer administering the medication at that time failed to record which of her medication was administered at that time, nor is there a record of the dosages. The surveillance monitoring video shows (again) the officer on duty not taking note of which medication Ralkina Jones was given, nor did he confirm whether she was taking the appropriate dosages. There is no record of any administration of medication at that time on Ralkina Jones' "Medication Log Sheet," in direct violation of City of Cleveland Heights Jail Standards.

27. A fourth administration of medication to Ralkina Jones (in less than an eighteen-hour time period) was captured on video surveillance at approximately 5:25pm on July 25, 2015.

8

This administration of medication is documented on Ralkina Jones' "Medication Log Sheet," along with the medication types and dosages. Assuming the medication types and dosages are correct as listed, Ralkina Jones was overdosed on more than one medication by being administered more than the prescribed daily doses on July 25, 2015.

28. Due to the failure of the administering officers to properly document all of the medication administered to Ralkina Jones while in custody, to what extent Ralkina Jones was overdosed on other medication, as well as whether she received all of the medication she required on a daily basis, is not precisely known.

29. Not surprisingly, Ralkina Jones began to suffer a health emergency less than two hours after her fourth administration of medication on July 25, 2015. Ralkina Jones was transported by ambulance to HealthSpan's Severance Circle facility with all the medication in possession of the Cleveland Heights Defendants.

30. At the time of Ralkina Jones' arrival and placement under the care of the HealthSpan, she had been improperly medicated. While the Cleveland Heights "Medical Log Sheet" did not properly document the extent of Ralkina Jones' improper medication administration, it did evidence improper medication administration and was provided to employees of HealthSpan.

31. Ralkina Jones was released two hours and thirteen minutes after her arrival at HealthSpan.

32. Upon Ralkina Jones' discharge HealthSpan noted her altered mental state and slurred speech, and instructed as a "special instruction" to the Cleveland Heights Defendants that Ralkina Jones was to be "returned for any problems."

33. Ralkina Jones soon exhibited symptoms evidencing the continuation of the original medical emergency and/or the onset of another medical emergency soon after her discharge from HealthSpan to the continued custody of Defendants.

LAW OFFICES OF
Alkire & Nieding LLC
200 Spectrum Office Building • 6060 Rockside Woods Boulevard • Independence, Ohio 44131-2375
(216) 573-0801 • Fax: (216) 573-0806

9

34. Despite the clear order from HealthSpan that Ralkina Jones was to be returned to the hospital if there were any subsequent problems, when Ralkina Jones advised officers a few hours after her discharge that she was not well her concerns were not taken seriously and were ignored. Audio recording reveals that her request for medical attention was characterized as Ralkina Jones "acting up again." While the Cleveland Heights Fire Department personnel and jail personnel, including Richard Hwodeky, Brian Gamble, and Matthew Martin, were dispatched for Ralkina Jones at or about 12:50 am on July 26, 2015, they wantonly, willfully and recklessly ignored the physician's orders to return Ralkina Jones to the hospital, amounting to deliberate indifference to her safety and well-being.

35. Furthermore, even though Ralkina Jones signed a release requesting transport to a hospital, Cleveland Heights Fire Department personnel, overseen by Jeffrey Luk, MD, and EMTs Richard Hwodeky, Brian Gamble, and Matthew Martin wantonly, willfully and recklessly disregarded Ralkina Jones' written request for transport to a hospital and left her in the jail cell again amounting to deliberate indifference to her safety and well-being.

36. Upon information and belief, the Defendants, believing that Ralkina Jones was simply complaining and "acting up," failed to properly check on her again for over six hours, in violation of her rights, and Cleveland Heights Jail Standards. By the time she was discovered, she was dead, with rigor mortis already setting in, as well as lividity in her lower extremities, fingertips and torso, indicating that she had likely been dead for a number of hours before emergency medical treatment was sought.

37. Had the Defendants' provided Ralkina Jones with adequate medical care and treatment, Ralkina Jones' death would have been prevented. Instead, the Defendants acted negligently, recklessly, wantonly, willfully, knowingly, intentionally, and with deliberate indifference to Ralkina Jones' medical needs, and failed to follow the procedures and policies as set forth in the Jail Standards.

38. As a direct and proximate result of the Defendants' actions, Ralkina Jones suffered a premature and wrongful death after sustaining a period of conscious pain and suffering.

39. As a further direct and proximate result of Ralkina Jones' wrongful death, her next of kin have suffered damages, including but not limited to, the loss of her support, services, and society, including lost companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education and mental anguish.

## Count I – State Common Law Claims

40. Plaintiff re-alleges and incorporates herein by reference all of the preceding paragraphs of this Second Amended Complaint.

41. Defendant City of Cleveland Heights had a duty to provide qualified personnel to perform medical services at the Cleveland Heights Jail, and a duty to use reasonable care in determining the qualifications of its employees and agents who provide medical services.

42. Defendant City of Cleveland Heights also had a duty to establish and enforce (including necessary training) appropriate policies and procedures concerning the medical treatment of inmates at the Cleveland Heights Jail.

43. Defendant City of Cleveland Heights failed to provide appropriate medical care and treatment to Ralkina Jones under the circumstances including but not limited to:

   a. failed to secure proper care for Ralkina Jones, when the Defendants knew or should have known that Ralkina Jones was in open and obvious distress;

   b. failed to provide Ralkina Jones with reasonable, necessary, and appropriate supervision, care and access to medical treatment;

   c. disregarded Ralkina Jones' complaints of distress;

   d. failed to appropriately monitor Ralkina Jones while she was detained;

11

e. failed to take the proper steps to provide assistance to Ralkina Jones when the Defendants knew or should have known that she was unable to care for herself;

f. failed to seek timely emergency medical attention for Ralkina Jones when she was suffering from an obvious and serious medical need;

g. failed to transport Ralkina Jones to the hospital after her complaints in the early morning hours of July 26, 2015;

h. failed to follow Cleveland Heights Jail Standards;

i. failed to properly train and/or supervise employees, agents, and/or staff so as to ensure that Ralkina Jones (and other inmates) are provided with proper medical care and attention while detained;

j. failed to train employees, agents and/or staff to recognize the medical needs of inmates;

k. abandoned Ralkina Jones when she was in need of medical care; and

l. failed to ensure proper communication and record-keeping by and between shifts to ensure the proper administration of medication and medical care.

44. Defendant City of Cleveland Heights failed to ensure that services provided by its employees and agents were consistent with standard medical practice.

45. The conduct of Defendant City of Cleveland Heights and the other defendants was negligent, reckless, wanton and willful, intentional, knowing, and performed with deliberate indifference.

46. As a direct and proximate result of the conduct of the Defendants, Ralkina Jones suffered injury, conscious pain and suffering, incurred medical expenses and ultimately died.

### Count II – 42 U.S.C. §1983 Claim

47. Plaintiff re-alleges and incorporates herein by reference all of the preceding paragraphs of this Second Amended Complaint.

12

48. The Cleveland Heights Defendants and John and Jane Doe Defendants have, under color of state law, deprived Ralkina Jones of rights, privileges, and immunities secured by the Fourteenth, Eighth, and Fourth Amendments to the U.S. Constitution, including but not limited to the right to be free from cruel and unusual punishment, the right to be protected, and the right to adequate medical care when incarcerated and due process.

49. The Cleveland Heights Defendants and John and Jane Doe Defendants failed to adequately train and supervise the officers and staff in the intake, assessment and correctional and medical care of inmates who arrive at the jail while taking prescription medication.

50. The Cleveland Heights Defendants and John and Jane Doe Defendants acted with deliberate indifference to Ralkina Jones' medical needs and/or in a wanton, willful and/or reckless manner in failing to follow even the most basic of Jail Standards with regard to the documentation of administration of medication, and with respect to physicians' orders.

51, Prior to and at the time of Ms. Jones death, the Cleveland Heights Defendants had a history and ongoing pattern and practice of failing to adequately train and supervise the officers and staff in the intake, assessment and correctional and medical care of inmates who arrive at the jail while taking prescription medication.

52. Additionally, the Cleveland Heights Defendants had a history and ongoing pattern and practice of failing to address inmates' medical needs and failing to follow even the most basic of Jail Standards ensuring inmates received adequate medical care when incarcerated.

53, By permitting, tolerating, and sanctioning a persistent and widespread policy, practice and custom resulting in Ralkina Jones' death, the Defendants deprived Ralkina Jones of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States secured by 42 U.S.C. § 1983, including, but not limited to, the right to be free from deliberate indifference to medical needs guaranteed by the Fourteenth, Eighth, and Fourth Amendments to the United States Constitution.

13

54. The acts and failures of the Defendants' employees and/or agents as alleged herein were done within the scope of their duties of employment and/or agency, and were authorized or ratified by Defendant The City of Cleveland Heights.

55. The actions of the Defendants and John and Jane Doe Defendants with respect to Ralkina Jones' medical needs were inadequate and unreasonable, deliberately indifferent, reckless, wanton and willful, and were the primary cause of the constitutional deprivations suffered by Ralkina Jones, including but not limited to conscious pain and suffering and death as a result of the denial of appropriate medical care and her death. As a direct and proximate result of the policy, practice, and custom detailed above, Ralkina Jones and Plaintiff sustained the damages alleged above.

### Count III – Malpractice of Medical and EMS Personnel

59. Plaintiff re-alleges and incorporates herein by reference all of the preceding paragraphs of this Second Amended Complaint.

60. The Medical Director of the Cleveland Heights Fire Department, Jeffrey Luk, MD and the emergency medical responders from the Cleveland Heights Fire Department including Defendant Richard Hwodeky, Defendant Brian Gamble, and Defendant Matthew Martin, who were called to provide medical care to Ralkina Jones at or about 12:50 am on July 26, 2015, and John and Jane Doe Defendants breached their duties to provide medical care consistent with standard medical practice and according to physician orders, all in violation of Ohio law. Their conduct was wanton, willful, reckless and deliberately indifferent to the health and safety of Ralkina Jones.

61. The acts and failures of the Cleveland Heights Fire Department employees and/or agents as alleged herein were done within the scope of their duties of employment and/or agency, and were authorized or ratified by The City of Cleveland Heights.

62. The conduct of the Cleveland Heights Fire Department employees and/or agents as alleged herein proximately caused Ralkina Jones' conscious pain and suffering, medical expenses and death.

### Count IV –Survival Action under R.C. Section 2305.21

63. Plaintiff re-alleges and incorporates herein by reference all of the preceding paragraphs of this Second Amended Complaint.

64. As a direct and proximate result of the reckless, wanton, willful, deliberately indifferent and/or intentional conduct of Defendant City of Cleveland Heights and its employees, as described herein, Ralkina Jones was caused to sustain a severe and permanent injury, conscious pain and suffering, loss of enjoyment of life and mental anguish and incur medical expenses from being left unattended and denied medical care alone in her cell, fully aware of the fatal consequence of her medical emergency until said emergency caused her to lose consciousness.

### Count V – Wrongful Death Action Under R.C. Section 2125.02

65. Plaintiff re-alleges and incorporates herein by reference all of the preceding paragraphs of this Second Amended Complaint.

66. The City of Cleveland Heights', Jeffrey Richardson's, Jeffrey Luk, MD.'s, Richard Hwodeky's, Brian Gamble's, Matthew Martin's, and John and Jane Does #'s 1-15 reckless, wanton, willful, deliberately indifferent and/or intentional conduct caused the wrongful death of Ralkina Jones, resulting in damages recoverable under R.C. §2125.02 including, but not limited to, funeral expenses, loss of prospective inheritance, loss of support, loss of services, loss of society including but not limited to loss of companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training and education, and mental anguish.

LAW OFFICES OF
Alkire & Nieding LLC
200 Spectrum Office Building • 6060 Rockside Woods Boulevard • Independence, Ohio 44131-2375
(216) 573-0801 • Fax: (216) 573-0806

15

67. The acts and failures of Defendants' employees and/or agents as alleged herein were done within the scope of their duties of employment and/or agency, and were authorized or ratified by Defendant The City of Cleveland Heights.

## Count VI – Punitive Damages

68. Plaintiff realleges and incorporates herein by reference all of the preceding paragraphs of this Second Amended Complaint.

69. The Defendants, each and every one of them, consciously disregarded the rights and safety of the Decedent, Ralkina Jones, in a situation where there was a great probability of her sustaining substantial harm resulting in her injuries, conscious pain and suffering and death.

70. As such, the Defendants, and each of them, were malicious entitling Plaintiff to punitive damages, including attorney's fees.

**WHEREFORE**, Plaintiff Regina Sok, as Administratrix of the Estate of Ralkina Jones prays for judgment against the Defendants, jointly and severally, in an amount in excess of $25,000 for compensatory damage and in an amount in excess of $25,000 for punitive damages including court costs, attorney's fees, prejudgment and post judgment interest and for other relief as the Court may deem just in the premises.

Respectfully submitted,

*/s/ Steven M. Gaulding*
Steven M. Gaulding (#0085285)
The Gaulding Law Firm LLC
3751 Prospect Avenue, Floor 3
Cleveland, Ohio 44115
216-239-1400
Fax: 216-239-1500
smg@gauldingllc.com

*/s/ Richard C. Alkire*
Richard C. Alkire (#0024816)
Alkire & Nieding LLC
200 Spectrum Office Building
6060 Rockside Woods Boulevard
Independence, OH 44131-2375
216-573-0801
Fax: 216-573-0806
rick@alkirelawyer.com

Counsel for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff Regina Samuels, as Administratrix of the Estate of Ralkina Jones hereby demands a jury trial of all issues in this action triable as of right by a jury.

*/s/ Richard C. Alkire*
Richard C. Alkire (#0024816)

17

**CERTIFICATE OF SERVICE**

The following **SECOND AMENDED COMPLAINT** has been filed this 30 day of January, 2017 to:

Steven M. Gaulding            Counsel for Plaintiff
The Gaulding Law Firm, LLC
3751 Prospect Avenue, Floor 3
Cleveland, Ohio 44115

Timothy R. Obringer            Counsel for Defendants
Daniel A. Richards
Weston Hurd
Suite 1900
1301 East Ninth Street
Cleveland, Ohio 44114

_____
Richard C. Alkire (#0024816)

Counsel for Plaintiff

LAW OFFICES OF
**Alkire & Nieding LLC**
200 Spectrum Office Building • 6060 Rockside Woods Boulevard • Independence, Ohio 44131-2375
(216) 573-0801 • Fax: (216) 573-0806